UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LILIT ARSHAKYAN,

          Petitioner,

v.

KRISTI NOEM, et al.,

          Respondents.

No. 1:26-cv-00394-DJC-SCR

ORDER

Petitioner is a noncitizen from Armenia who entered the United States in 2016. In 2019, an Immigration Judge ordered Petitioner removed but prohibited Petitioner's removal to Armenia. Petitioner was then issued an Order of Supervision. She complied with its terms and appeared at a check-in with Immigration and Customs Enforcement ("ICE") on January 7, 2026. At that appointment, the Government detained Petitioner, asserting it can now remove her to a third country. On January 18, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus along with a Motion for Temporary Restraining Order, arguing her present detention is unlawful. As the Government does not oppose the Court converting this Motion for Temporary Restraining Order into a Motion for Preliminary Injunction, the Court does so here. For the reasons stated below, Petitioner's Motion is granted.

1

**BACKGROUND**

Petitioner is a noncitizen from Armenia who entered the United States in 2016. (Mot. (ECF No. 2) at 1.)  On May 1, 2019, an Immigration Judge found Petitioner removable but granted withholding of removal to Armenia.  (*Id.*)  Petitioner was not detained at that time and was instead required to report to immigration authorities on an Order of Supervision.  (*Id.*; Pet. (ECF No. 1) at ¶ 19.)  Petitioner has never violated the terms of her Order of Supervision.  (Tolchin Decl. (ECF No 2-1), Ex. D ¶ 9.)

On January 7, 2026, Petitioner appeared for a regularly scheduled appointment with ICE and was detained.  (Pet. ¶ 21.)  She never provided with a document revoking her Order of Supervision.  (Tolchin Decl., Ex. D ¶ 7.)  Petitioner was not informed why she had been detained for the next two days.  (*Id.* ¶¶ 6, 8.)  On January 9, Petitioner met with an officer who informed her the Government sought her removal to a third country, but she was "not told that any country had agreed to accept [her]."  (*Id.* ¶ 8.)

Petitioner filed a Petition for a Writ of Habeas Corpus and a Motion for Temporary Restraining Order.  (ECF Nos. 1, 2.)  Briefing on the Motion for Temporary Restraining Order is now complete.  (Mot. (ECF No. 2); Opp'n (ECF No. 8); Reply (ECF No. 9.)  The Court ordered this matter submitted without oral argument.  (*See* ECF No. 5.)

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success

on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted). The Ninth Circuit employs a sliding scale approach to the *Winter* factors, under which a strong showing on the balance of hardships may compensate for a lesser showing of likelihood of success. *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

## DISCUSSION

## I.  Likelihood of Success on the Merits

Petitioner is likely to succeed on the merits of her claim that her detention pursuant to 8 U.S.C. § 1231 is unlawful.  Though Respondents are correct that this section provides for the detention of individuals ordered removed, Respondents are incorrect that it authorizes Petitioner's detention and fail to meet their burden to show changed circumstances warrant her detention as required by the applicable regulations.

*First*, section 1231(a) solely provides for detention in the 90 days following the date on which an order of removal becomes final.  This section provides that the "Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the [noncitizen]."  8 U.S.C. § 1231(a)(2)(A).  However, beyond the removal period, this section does not authorize detention.  Rather, the statute mandates that if the noncitizen "is not removed within the removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  8 U.S.C. § 1231(a)(3).  Here, it is undisputed that Petitioner's removal order became final for purposes of this section on May 1, 2019. (*See* Mot. at 3; *see generally* Opp'n.) Respondents detained Petitioner on January 7, 2026, over six years after Petitioner's

3

removal order became final.  (Mot. at 1.)  Thus, Petitioner is no longer within the removal period, and this section flatly does not apply.

*Second*, Respondents fail to meet their burden to show they have complied with the regulations that govern how and when an Order of Supervision, such as the one issued to Petitioner, may be revoked.  ICE may revoke the release of a noncitizen for purposes of removal "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  Similarly, another regulation provides for detention beyond the removal period "if the Service subsequently determines, because of a change of circumstances, that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future to the country to which the [noncitizen] was ordered removed or to a third country, the [noncitizen] shall again be subject to the custody review procedures under this section."  8 C.F.R. § 241.4(b)(4).  These regulations place the burden on the Government to show changed circumstances permit the Government to effectuate removal.  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (explaining that these regulations "clearly indicate that when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the [noncitizen] may be removed" (cleaned up)).

Respondents have not met that burden.  Respondents assert that they have detained Petitioner for purposes of removing her to a third country.  (Opp'n at 1.)  The Court reviews this claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Phan v. Beccerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025).  These factors include, but are not limited to:

> [T]he history of the [noncitizen's] efforts to comply with the order of removal, the history of the Service's efforts to remove [noncitizens] to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this [noncitizen] and the [noncitizen's] assistance with those efforts, the reasonably foreseeable

> results of those efforts, and the views of the Department of State regarding the prospects for removal of [noncitizens] to the country or countries in question.

8 C.F.R. § 241.13(f).

Petitioner has protection against removal to Armenia, and Respondents do not identify any third country to which Petitioner could be removed.  Nor do they provide evidence regarding any of the factors listed above.  Accordingly, Respondents have not met their burden to show Petitioner's removal is "reasonably foreseeable."  *See* 8 C.F.R. § 241.13(i)(2); *see also Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025) (holding burden not met where respondents presented no facts indicating a changed circumstance that rendered removal foreseeable).

Respondents assert that they are "authorized to detain her given the risk that she will not report for removal." (Opp'n at 1.)  While that would be a basis for the initial 90-day detention under 1231(a)(2), that is not a valid basis for detention under section 1231(a)(3).  Further, Petitioner asserts, and Respondents do not contest, that Petitioner has complied with all the terms imposed by her Order of Supervision.  (*See* Tolchin Decl., Ex. D ¶ 9.)  Therefore, Petitioner is likely to succeed on the merits of her claim that the revocation of her Order of Supervision was unlawful.

## II.  Irreparable Harm

Petitioner will suffer irreparable harm in the absence of preliminary relief.  The Ninth Circuit has recognized the irreparable harm inflicted by the "subpar medical and psychiatric care in ICE detention facilities."  *Hernandez*, 872 F.3d at 995.  More broadly, the Ninth Circuit has also acknowledged the "irreparable harms imposed on anyone subject to immigration detention" including "the economic burdens imposed on detainees and their families as a result of detention."  *Id*.  Petitioner has thus established irreparable harm.

**III. Balance of the Harms & the Public Interest**

The final two *Winter* factors merge when the government is the nonmoving party. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). The interests of equity and the public weigh in favor of Petitioner here. As discussed above, Petitioner is harmed by her ongoing detention. A temporary restraining order also inflicts minimal harm to the Government. Though Respondents have an interest in enforcing immigration laws, "the public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). "[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). The Government also does not assert Petitioner poses any danger to the community. For these reasons, the Court concludes that the equities and public interest weigh in favor of Petitioner.

**IV. Bond**

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court has "discretion as to the amount of security required, *if any*." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Because the Government cannot reasonably assert that it is harmed by conforming to its own regulations, the Court finds "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id*. Thus, the Court concludes no security is required here.

**CONCLUSION**

Accordingly, the Court ORDERS that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is converted to a Motion for Preliminary Injunction.

2. Petitioner's Motion (ECF No. 2) is GRANTED.

3. Respondents are ordered to immediately release Lilit Arshakyan from their custody. Respondents shall not impose additional restrictions on her than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent a showing to the Court that there is a change in circumstances to warrant Petitioner's re-detention.

5. Respondents are ENJOINED AND RESTRAINED from effectuating Petitioner's third-country removal without first:

    a. Providing her and her counsel with written notice in a language the Petitioner can understand.

    b. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal.

    c. If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen her immigration proceedings.

    d. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen days, for Petitioner to seek reopening of her immigration proceedings.

////

////

////

////

////

7

6.  This matter is referred to the assigned Magistrate Judge for all further pretrial proceedings, *see* L. R. 302(c)(17), with the exception of any motion to modify the terms of this Order.

IT IS SO ORDERED.

Dated:    **January 28, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Arshakyan26cv00394.tro

8